IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 12 A 11: 15

CLERK
SO. DIST. OF GA.

ARTHUR LAMBRIGHT, JR.,

    Petitioner,

vs.                              CIVIL ACTION NO.: CV212-196

SUZANNE R. HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Arthur Lambright ("Lambright"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Lambright filed a Traverse. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Lambright's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Lambright pled guilty in the Southern District of Florida to conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846; distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). United States v. Lambright, CR110-60223-2, Doc. No. 43. Lambright was sentenced to three concurrent sentences of 63 months' imprisonment. Id. Lambright did not file a direct appeal. See Lambright, CR110-60223-2.

AO 72A
(Rev. 8/82)

In November 2012, Lambright filed an "Affidavit of Lack of Attorney-Client Relationship" in his criminal case. Lambright, CR CR110-60223-2, Doc. No. 50. In that document, Lambright stated that he never had an attorney-client relationship with his defense attorneys, that he was not informed of all of his plea options, that his defense attorneys had conflicts of interest, and that exculpatory facts and evidence which would have proved his innocence were hidden from him and the record by the government and his defense counsel. Id. When the government did not respond to the "Affidavit of Lack of Attorney-Client Relationship" filed in his criminal case, Lambright filed an "Affidavit of Non-Response." Lambright, CR CR110-60223-2, Doc. No. 51. In that document, Lambright asserted that the government's failure to respond rendered all of his various allegations in the "Affidavit of Lack of Attorney-Client Relationship" uncontestable. Id.

In the instant petition, Lambright seeks relief under § 2241 based on alleged deficiencies surrounding his criminal convictions. Lambright asserts the following deficiencies surrounding his criminal convictions: (1) lack of jurisdiction, (2) lack of due process, (3) lack of attorney-client relationship, (4) lack of valid conviction, (5) lack of valid sentence, and (6) lack of access to court. (Doc. No. 1, pp. 1, 2). Lambright asserts that his allegations are uncontestable as a result of the filings in his criminal case. (Doc. No. 1, pp. 4, 6). Lambright asserts that these "[u]ndisputed facts" show that he is actually innocent. (Doc. No. 1, p. 4). Lambright seeks immediate, or at least earlier, release from confinement. (Id.). Respondent contends that Lambright's claims should be dismissed because they are not appropriate claims to be brought under § 2241.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Lambright's arguments in support of the instant petition are all clearly attacks on his underlying convictions. Therefore, his claims fall within the ambit of § 2255. In order to file a § 2241 petition, Lambright's claims must fall within the savings clause of § 2255(e). Lambright is not entitled to § 2241 relief. He fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims during his trial or a direct appeal or motion pursuant to § 2255. Without meeting the Wofford test,

3

Lambright's claims do not fall within the savings clause of § 2255; therefore, he cannot bring them under § 2241.

Lambright argues in his Traverse that under Gilbert v. United States, 640 F.3d 1293, 1318 (11th Cir. 2011), he is entitled to bring his actual innocence claim under § 2255(h) without meeting the Wofford test. Section 2255(h) provides an actual innocence exception to bringing a second or successive § 2255 motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition. Wofford provides the framework by which a prisoner can file a § 2241 petition to attack his conviction or sentence, and Lambright has not met the Wofford test.

In his Traverse, Lambright also provides numerous excerpts of law dealing with procedural default and miscarriage of justice and the relationship of those concepts to his actual innocence claim. To the extent that Lambright attempts to argue that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of that claim, Lambright's argument was foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009). In Kelley, a § 2241 petitioner appealed the dismissal of his petition, which asserted that he was actually innocent of the crime for which he was convicted, arguing that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court went on to explain that "[o]nce

the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ." Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the petitioner in Kelley, Lambright has not met the Wofford test; therefore, Lambright cannot bring his claim pursuant to § 2241, and this Court's decision to not render a decision on the merits of Lambright's actual innocence claim will not result in a miscarriage of justice.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Lambright's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE