IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ARTHUR LAMBRIGHT, JR., :
:
    Petitioner, :
:
vs. : CIVIL ACTION NO.: CV212-196
:
:
SUZANNE R. HASTINGS, :
:
    Respondent. :

## ORDER

Petitioner Arthur Lambright ("Lambright") filed Objections to the Magistrate Judge's Report dated February 12, 2013, which recommended that Lambright's 28 U.S.C. § 2241 petition be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Lambright reiterates the argument made in his Traverse that under Gilbert v. United States, 640 F.3d 1293, 1318 (11th Cir. 2011), he is entitled to bring his actual innocence claim under 28 U.S.C. § 2255(h) without meeting the test announced in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The Magistrate Judge correctly explained that § 2255(h) provides an actual innocence exception to bringing a second or successive § 2255 motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition. Wofford provides the framework by which a

AO 72A
(Rev. 8/82)

prisoner can file a § 2241 petition to attack his conviction or sentence, and Lambright has not met the Wofford test.

In his Objections, Lambright also argues that Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009), does not apply to him. In his Traverse, Lambright argued that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court to not render a merits determination of that claim. The Magistrate Judge concluded that Lambright's argument was foreclosed by Kelley. Now, in his Objections, Lambright argues that Kelley does not apply to his case. In Kelley, a § 2241 petitioner appealed the dismissal of his petition, which asserted that he was actually innocent of the crime for which he was convicted, arguing that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court went on to explain that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ." Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. The holding in Kelley is directly relevant to Lambright because Kelley and Lambright made the same argument. Like the petitioner in Kelley, Lambright has not

met the Wofford test; therefore, Lambright cannot bring his claim pursuant to § 2241, and this Court's decision to not render a decision on the merits of Lambright's actual innocence claim will not result in a miscarriage of justice.

Lambright's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Lambright's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___ day of February, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA